## Young's Estate.

*Real estate—Minerals—Owner of land only—Partition.*

One who has parted with all his right, title and interest in a vein of coal underlying land in which he still has an interest has no standing to maintain a partition proceeding instituted for the partition of the entire tract including the coal.

Argued Oct. 1, 1917. Appeal, No. 70, Oct. T., 1917, by Aaron O. Young, from decree of O. C. Greene Co., Dec. Court, 1914, No. 4, refusing partition, in Estate of John Young, Deceased. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Petition for partition of the real estate of decedent. Before IRWIN, J.

The opinion of the Supreme Court states the facts.

The court refused the petition. Aaron O. Young appealed.

*Error assigned* was the decree of the court.

*Andrew A. Purman,* for appellant.

*W. J. Kyle,* with him *J. B. Adams* and *R. F. Hopwood,* for appellees.

PER CURIAM, October 19, 1917:

As Aaron O. Young had parted with all his right, title and interest in and to the Pittsburgh River vein of coal and mining rights, he had no standing to maintain the partition proceeding instituted for the partition of the entire tract, including surface and coal. Of the Act of May 6, 1915, P. L. 269, it need only be said that it was passed after the institution of that proceeding.

Appeal dismissed at appellant's costs.